UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-82196-Civ-Middlebrooks/Matthewman

PIERO A. BUGONI,

    Plaintiff,

vs.

JOSEPH ABRUZZO, et al.,

    Defendants.

_____/

## ORDER OF INSTRUCTIONS TO PRO SE LITIGANTS

THIS CAUSE is before the Court for pretrial scheduling matters. Plaintiff(s) in this case is proceeding *pro se*. So that Plaintiff(s), and any other parties who may appear *pro se*, may be advised of essential requirements concerning this case, the Court ORDERS as follows:

1. Any litigant appearing *pro se* must keep the Court advised of his or her current address at all times. If a *pro se* litigant's address changes and no change of address is promptly filed with the Clerk of Court, this case may be dismissed for lack of prosecution.

2. Plaintiff(s) shall serve upon Defendant(s), and Defendant(s) upon Plaintiff(s), or, if appearance by counsel has been entered, upon their respective counsel, copies of all further pleadings or documents submitted for the Court's consideration. All pleadings must include the case number at the top of the first page. *Pro se* litigants shall send the original of every pleading or document to the Clerk of this Court. Each submission shall include: (a) a copy of the pleading or document, and (b) a certificate of service stating the date a true copy of the pleading or document was sent to the opposing parties or counsel for such

      parties. No original pleading or document shall be sent directly to a Judge of this Court. Any paper submitted directly to a Judge rather than to the Clerk will be disregarded by the Court.

3. Plaintiff(s) has no counsel to assist in the discovery process. Attention is therefore directed to Federal Rule of Civil Procedure 26(a), which lists the various forms of discovery available in civil cases. *Pro se* litigants are instructed that the Court will permit reasonable, relevant discovery by the methods described in the Federal Rules of Civil Procedure. *Pro se* litigants are responsible for actively pursuing this case, obtaining essential discovery, filing all necessary pleadings and motions, and otherwise complying with all Court orders and preparing the case for trial.

4. In certain cases, *pro se* litigants may be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C.§ l915(a). Often in such cases, the Court receives motions from the *pro se* litigants expressing dismay upon receipt of a bill from the U.S. Marshal for expenses incurred in the case. *Pro se* litigants are therefore instructed that a § 1915(a) order only permits *pro se* litigants to proceed without prepayment of costs and fees; it does not mean that a *pro se* litigant is not obligated under the law to pay the costs and fees when he or she is able to do so. At the conclusion of the case, the Court may tax costs against the losing party or parties, and such an order will probably eliminate any such debt for the prevailing party. Otherwise, the costs and fees incurred by the U.S. Marshal on a *pro se* litigant's behalf are properly billed to that *pro se* litigant.

5. *Pro se* litigants are reminded that they cannot represent a corporation under Florida or federal law. *Commercial & Railroad Bank of Vicksburg v. Slocomb*, 39 U.S. 60 (1840); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. 1985); *Szteinbaum v. Kaes Inversiones*, 476 So. 2d 247 (3d DCA 1985).

6. *Pro se* litigants, like all other litigants, must adhere to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 7th day of January 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge

**Copy via U.S. mail to:**
Piero A. Bugoni, *Pro Se*
160 W. Camino Real
Boca Raton, FL 33432